UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AMY LYNN ASZTALOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-145 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Amy Lynn Asztalos seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional

> capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Asztalos, born September 26, 1970, applied for DIB in October 2021 alleging disability beginning December 1, 2019,[1] due to lupus, Hashimoto disease, bi-polar disorder, depression, anxiety, and fibromyalgia. Tr. 11, 28, 49, 175-76, 209.  She graduated high school, tr. 51, and has past relevant work as a bartender, which the ALJ found was a "composite job." Tr. 28; *see also* tr. 51-52 (hearing testimony about "waitressing and bartending" job), 210 (reporting prior work as a waitress/bartender). After a hearing, tr. 45-70 (Hearing Transcript), the ALJ issued an unfavorable decision, tr. 8-35.

The ALJ found that Asztalos' lumbar disc disease, lupus, fibromyalgia, bipolar disorder, depression, and anxiety were severe impairments,[2] tr. 13-14, but did not meet or medically equal a Listing, tr. 14-17.  The ALJ then found that Asztalos retained the RFC for light work except:

> frequently reach, handle, finger, and feel.  She can frequently operate foot controls bilaterally.  She can never climb ladders, ropes, and scaffolds, and occasionally do the rest of the postural movements.  The claimant can have no exposure to

---

[1] Asztalos originally asserted disability beginning May 15, 2017, tr. 175, but later amended her onset date to December 1, 2019, tr. 49.
[2] The ALJ found Asztalos' hernia repair, Hashimoto's thyroid disorder, and Covid-19 to be non-severe.  Tr. 14.

>heights, machinery, or vibrations. She can have occasional exposure to dusts, odors, fumes, pulmonary irritants, humidity, wetness, and extreme cold and heat. The claimant can perform simple, routine tasks, and make simple work-related decisions. She can have occasional contact with the public, supervisors, and co-workers. The claimant is limited to work involving occasional changes in the work setting.

Tr. 17; *see also* tr. 17-27. The ALJ then determined Asztalos was unable to perform her past relevant work, tr. 28, but that there were jobs that existed in significant numbers in the national economy that she could have performed, tr. 28-29. Therefore, she was found not disabled. Tr. 29. The Appeals Council denied review. Tr. 1-7.

Asztalos filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. § 405(g). The parties have submitted their briefs, docs. 15, 17 & 18, and the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III. ANALYSIS

Asztalos' critique of the ALJ's decision focuses on the formulation of her RFC. *See* doc. 15 at 4-24. She takes issue with the ALJ's finding that she can frequently reach, handle, and finger objects, arguing it is not

5

reasonable given the combined effect of her severe lumbar disc disease, lupus, and fibromyalgia. *Id.* at 4. She also argues the ALJ's failure to adequately consider the effect of her chronic pain on her ability to perform basic work functions is erroneous. *Id.* She specifically challenges the ALJ's consideration of her subjective testimony about her limitations, arguing the ALJ held her to an improper standard of demonstrating her statements were "entirely consistent" with the record, improperly relied on "conservative treatment" and the "stability" of her impairments in discounting her subjective testimony, and improperly relied on her daily activities. *Id.* at 15-19. She also references the ALJ's determination that her primary care doctor Zachary McLaughlin's physical capacity evaluation was not persuasive. *Id.* at 20.

As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips*, 357 F.3d at 1238 (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental,

physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012) (citations omitted). The task of determining a claimant's RFC rests with the ALJ. *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (citing 20 C.F.R. § 404.1546(c)). In the Eleventh Circuit, the ALJ satisfies this task by "stat[ing] with clarity [her] reasons for [her] decision." *Sturdivant v. Soc. Sec. Admin., Comm'r*, 2023 WL 3526609, at *4 (11th Cir. 2023) (citing *Winschel*, 631 F.3d at 1179).

In formulating Asztalos' RFC, the ALJ considered, and discounted, Plaintiff's subjective complaints. Tr. 18-19. When a claimant provides testimony concerning her subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected

7

to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

Contrary to Plaintiff's assertion, *see* doc. 15 at 15-16, the ALJ appropriately followed this rubric when analyzing Plaintiff's subjective complaints. *See* tr. 19-23. The ALJ acknowledged Plaintiff's testimony about her limitations, including her explanation that her hands "locked up" and she had to constantly stretch them out, and that she could not reach for things, along with a detailed account of Plaintiff's description of her pain, symptoms, and limitations. Tr. 18-19. However, the ALJ found that Asztalos' "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. To support that determination, the ALJ then discussed, in detail, the

medical evidence and highlighted exams where Asztalos' exam results demonstrated full strength in her extremities, full range of motion of her peripheral joints without swelling, no muscle weakness, intact finger dexterity, and full bilateral grip strength. Tr. 20-21. The ALJ explicitly found that the treatment notes "do not support the claimant's alleged fatigue, pain, and physical limitations," including with lifting and carrying. Tr. 21. The decision also noted that Asztalos "was regularly noted to have full range of motion of her peripheral joints without swelling, redness, warmth, tenderness, or synovitis." *Id.* Additionally, she had full motor strength with intact sensation. *Id.* The ALJ also considered Asztalos' mental impairments, and then, in detail, discussed her psychological treatment records. Tr. 21-23. The ALJ also properly considered Plaintiff's own reporting of her daily activities in discounting her allegations of limitations. Tr. 18-19, 20, 27. Plaintiff critiques the ALJ's treatment of her subjective testimony, but a review of the hearing decision shows that the ALJ's consideration of Plaintiff's complaints is supported by substantial evidence. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024).

Plaintiff also points to an opinion from her treating physician, Dr. Zacharay McLaughlin, that she contends supports a finding of disability. Doc. 15 at 20-21. Under the governing regulations, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-98 (11th Cir. 2022) (affirming the new regulations that eliminate the treating physician rule for claims filed after March 27, 2017). Under the applicable regulation, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. 20 C.F.R. § 404.1520c(c).

The Eleventh Circuit has summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3)

> relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Matos*, 2022 WL 97144, at *4. As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

The ALJ considered Dr. McLaughlin's opinion and, following the regulatory framework discussed above, found it not persuasive. Tr. 27. In doing so, the ALJ provided sufficient reasons to support the determination that it was not persuasive, including a lack of supportability and consistency. *Id.* Plaintiff points to conclusions from

11

another treating physician, Dr. Cheadle, to argue that the ALJ incorrectly weighed Dr. McLaughlin's opinion. Doc. 15 at 21. The ALJ considered an opinion from Dr. Cheatle and also found it not persuasive. Tr. 25. Moreover, pointing to a single note from 2019 from Dr. Cheatle that is consistent with Dr. MacLaughlin's opinion does not address the ALJ's identification of other treatment notes and record evidence that are inconsistent with his opinion. Tr. 27. The ALJ's determination is supported by substantial evidence.

Overall, the ALJ's thorough and reasoned opinion supports her formulation of Asztalos' RFC. Ultimately, this Court's job is not to review the administrative record *de novo*, but to review the record to determine whether there is substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). That there may be some evidence in the record that supports Plaintiff's argument for disability is not enough. Indeed, even if the other evidence in the record cited by Plaintiff could support a contrary conclusion, it would not compel a reversal of the ALJ's determination. *Adefemi*, 386 F.3d at 1027; *cf.*

*Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion.").

## IV. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and **CLOSE** this case.

**SO ORDERED**, this 25th day of September, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA